SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
JEANNIE KIM, Cal. Bar No. 270713
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
E mail        okatz@sheppardmullin.com
              jekim@sheppardmullin.com

Counsel for Debtors and Debtors in Possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>FORMATION GROUP FUND I, L.P., a Delaware limited partnership, FORMATION GROUP GP I, LLC, a Delaware limited liability company, and FORMATION GROUP (CAYMAN) FUND I, L.P., a Cayman Islands exempted limited partnership,<br><br>Debtors and<br>Debtors in Possession.[1] | Case No. 22-50302 (Lead)<br><br>(Jointly Administered with Case Nos. 22-50303 and 22-50337)<br><br>Chapter 11<br><br>**DEBTORS' MOTION FOR ORDER (1) APPROVING SALE OF PROPERTY UNDER 11 U.S.C. §§ 363(b), (f), (h), AND (m); RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND RULE 6004-1 OF THE BANKRUPTCY LOCAL RULES; AND (2) AUTHORIZING DEBTORS TO DISTRIBUTE SALE PROCEEDS TO YESCO**<br><br>Date:    February 15, 2024<br>Time:    10:00 a.m.<br>Place:   Courtroom 11<br>         280 S. 1st St. 3rd Floor<br>         San Jose, CA 95113<br>         - or -<br>         Via ZoomGov<br><br>Judge:   Hon. M. Elaine Hammond |

**Potentially Affected Lienholder:** Yesco Holdings Co., Ltd., f/k/a Yesco Co. Ltd.

---

[1] The last four digits of Formation Group Fund I, L.P.'s tax identification number are 6810, and the last four digits of Formation Group I, LLC's tax identification number are 6463; and the last four digits of Formation Group (Cayman) Fund I, L.P. are 6450. The Debtors' principal place of business and service address in these chapter 11 cases is 451 University Avenue, Palo Alto, CA 94103.

Case No. 22-50302 (Lead)

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| | A. History of the Funds | 2 |
| | B. The Funds' Disputes with Yesco | 3 |
| | C. The Proposed Sale | 4 |
| |     1. Notice of Sale and Marketing | 4 |
| |     2. Proposed Terms of Overbid | 5 |
| | D. Lien Claimants and Proposed Distribution of Sale Proceeds | 7 |
| III. | RELIEF REQUESTED | 7 |
| IV. | LEGAL ANALYSIS | 8 |
| | A. The Proposed Sale Is a Sound Exercise of the Debtors' Business Judgment | 8 |
| | B. The Sale of the Fund Assets Free and Clear of Liens and Other Interests Is Authorized by Section 363(f)(2) | 9 |
| | C. The Winning Bidder Should Be Afforded Protection under Section 363(m) as a Good-Faith Purchaser | 9 |
| | D. Request for Waiver of Stay of Entry of Order | 10 |
| V. | CONCLUSION | 11 |

SMRH:4886-6557-9670.9
2722/47910-005 CURRENT/142219680v11

# TABLE OF AUTHORITIES

**CASES** **PAGECASES**

*240 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners, Ltd.)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ............................................. 8

*Fin. Assoc. v. Loeffler (In re Equity Funding Corp. of Am.)*, 492 F.2d 793 (9th Cir. 1974), cert. denied, 419 U.S. 964 (1974) ............................................. 8

*In re Energytec, Inc.* 739 F.3d 215, 218-19 (5th Cir. 2013) ............................................. 9

*In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992) ............................................. 10

*In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) ............................................. 8

*In re Lajijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ............................................. 8

*Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988) ............................................. 10

*Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc).*, 163 F.3d 570, 576 (9th Cir. 1998) ............................................. 10

**STATUTES**

§ 363 ............................................. 8

11 U.S.C. § 363(b) ............................................................................................................... 8

11 U.S.C. § 363(m) .............................................................................................................. 9

-iii-

Case No. 22-50302 (Lead)

SMRH:4886-6557-9670.9
2722/47910-005 CURRENT/142219680v11

DEBTORS' 363 SALE MOTION
01/24/2024 5:27 PM

Case: 22-50302   Doc# 121   Filed: 01/25/24   Entered: 01/25/24 23:48:11   Page 4 of 18

Formation Group Fund I, L.P. ("FGF"), a Delaware limited partnership, Formation Group GP I, LLC, a Delaware limited liability company ("FG GP"), and Formation Group (Cayman) Fund I, L.P., a Cayman Islands exempted limited partnership ("FG Cayman," and collectively with FGF and FG GP, the "Debtors"), each a debtor and debtor in possession in the above-captioned, jointly administered cases (collectively, the "Chapter 11 Cases"), move the Court (the "Motion") for an order, under sections 363(b), (f), (h), and (m) of title 11 of the United States Code (the "Bankruptcy Code"),[2] Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 6004-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California (the "B.L.R."), authorizing the Debtors to sell, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, certain assets of the Debtors' estates (collectively, the "Fund Assets") listed on the schedule appended to the declaration of Andrew De Camara filed concurrently herewith in support of this Motion (the "De Camara Declaration") as **Exhibit 2** and this Motion as **Schedule 1**. The Debtors base this Motion on this memorandum, the De Camara Declaration, the other papers of record in the Chapter 11 Cases, and upon such further oral and documentary evidence as the Debtors may present before, or at the time of, the hearing on the Motion (the "Sale Hearing"). In support of the Motion, the Debtors respectively state as follows:

I.

## INTRODUCTION

In connection with the Debtor's pending motion to approve that certain settlement agreement (the "Settlement Agreement") negotiated and entered into with Yesco Holdings Co., Ltd. ("Yesco") and the Debtors' founder Bon Woong "Brian" Koo ("BK"), the Debtors have agreed to seek Court approval to sell, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, the Fund Assets. Among other things, the terms of the Settlement Agreement require the Debtors to sell the Fund Assets under Bankruptcy Code section 363, subject to overbid and Court approval (the "Sale"), and to distribute to Yesco the proceeds from the Sale. Under the terms of the Settlement Agreement, BK has agreed to dissolve, liquidate, wind up, and cancel or terminate FGF

---
[2] Unless otherwise indicated, all section references in this Motion are to the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*).

-1-  
SMRH:4886-6557-9670.9  
2722/47910-005 CURRENT/142219680v11  
Case No. 22-50302 (Lead)  
DEBTORS' 363 SALE MOTION  
01/24/2024 5:27 PM  
Case: 22-50302   Doc# 121   Filed: 01/25/24   Entered: 01/25/24 23:48:11   Page 5 of 18

and FG Cayman (together, the "Funds") in accordance with state or other applicable law. To ensure that creditors of the Debtors' estate will recover the value of the Fund Assets prior to the Funds' anticipated dissolution, liquidation, winding up and cancellation or termination, the Debtors seek Court authority to sell the Fund Assets, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, at the Sale Hearing, following which Sale Hearing the Debtors intend to seek Court approval of the Settlement Agreement and anticipated motion for an order authorizing structured dismissal of the Chapter 11 Cases. The Debtors believe that, collectively, the proposed Sale, Settlement Agreement, and structured dismissal will result in the most efficient and economic resolution of the pending disputes between the Debtors and Yesco, along with an orderly wind down of the Debtors' financial affairs.

## II.

## FACTUAL BACKGROUND

### A. History of the Funds

The Debtors are Silicon Valley-based domestic (FGF) and offshore (FG Cayman) venture capital funds (together, the "Funds") and their general partner (FG GP). The Debtors commenced the Chapter 11 Cases to protect the assets of the Funds, maximize the value of those assets, ensure an orderly liquidation in a single transparent venue, and pursue affirmative claims allegedly belonging to the Funds against Yesco.

BK, an entrepreneur who enjoyed much success through the founding of prior venture capital funds, formed the Funds in 2015 (FGF) and 2016 (FG Cayman), primarily for the purpose of making venture capital investments, principally by investing in and holding equity and equity-oriented securities of early and expansion stage companies located primarily in the U.S. and Asia (excluding China). After their formation, the Funds collectively raised commitments of up to $354,000,000 through multiple rounds of fundraising and focused on investing in emerging companies in the United States and Asia, including emerging markets such as Indonesia. With the amounts raised, the Funds invested approximately $250 million before the end of 2016.

-2-                                                                                      Case No. 22-50302 (Lead)
SMRH:4886-6557-9670.9                                                                    Debtors' 363 Sale Motion
2722/47910-005 CURRENT/142219680v11                                                      01/24/2024 5:27 PM

Case: 22-50302    Doc# 121    Filed: 01/25/24    Entered: 01/25/24 23:48:11    Page 6 of 18

The Funds sold their interests in at least two portfolio companies for a profit, and Apple Inc. acquired a third portfolio company. Additionally, prior to April 10, 2022 (the "FG/GP Petition Date"), the Debtors held interests, through the Funds, in at least two portfolio companies[3] that showed promise and potential to generate returns for the Funds' investments. Over the last several years, BK has been working with the portfolio companies as they navigate the challenges and opportunities that lie ahead.

While BK has been cautiously optimistic that additional portfolio companies could succeed and generate returns for the Funds' investments, the current economic climate for start-up companies, coupled with the expense of litigating with Yesco, has caused the Debtors, by and through its Chief Restructuring Officer, to determine that entry into the Settlement Agreement is in the best interests of the Debtors and creditors of their estates. As the Settlement Agreement requires the Funds to sell the Fund Assets for the benefit of Yesco, the Debtors now seek Court authority to do so.

**B.      The Funds' Disputes with Yesco**

Between 2019 and late 2021, the Funds and Yesco engaged in a series of discussions regarding disputes by and between the Funds, on the one hand, and Yesco, on the other hand, regarding Yesco's alleged timely and proper exercise of certain put options under certain option agreements related to two portfolio companies in which the Funds had invested (EVA Automation and A Honestbee Pte Ltd.). A more fulsome description of the disputes between the Debtors and Yesco is set forth in the Debtors' motion to approve the Settlement Agreement under Bankruptcy Rule 9019 (the "9019 Motion") and incorporated herein by this reference.

As set forth in the 9019 Motion, the Debtors and Yesco have agreed, among other things, that (1) the Debtors acknowledge, confirm and agree that (a) the Put Option Agreements and the Letter Agreements constitute legal, valid, and binding obligations, enforceable by Yesco against the other parties to those agreements; (b) Yesco timely and properly exercised the Put Options in accordance with the Put Option Agreements; (c) Yesco has a binding, valid, perfected, first-priority

---

[3] Neither of these portfolio companies, or any other portfolio company in which the Funds invested, are debtors in the Bankruptcy Case.

-3-                                                                                               Case No. 22-50302 (Lead)
SMRH:4886-6557-9670.9                                                                                           D<small>EBTORS</small>' 363 S<small>ALE</small> M<small>OTION</small>

Case: 22-50302    Doc# 121    Filed: 01/25/24    Entered: 01/25/24 23:48:11    Page 7 of 18
2722/47910-005 CURRENT/142219680v11                                                                             01/24/2024 5:27 PM

security interest against all of FGF's and FG Cayman's assets (the "Yesco Security Interest"); and (d) the Yesco Claim shall be allowed, and shall not be subordinated under section 510(b) of the Bankruptcy Code, or otherwise; and (2) the Debtors will, subject to Court approval, (a) sell the Fund Assets, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, and (b) distribute the proceeds of such Sale to Yesco on account of the Yesco Security Interest. Each of these terms, among others, are in furtherance of the global resolution of the claims and disputes by and between the Debtors and Yesco, which resolution the Debtors believe, in their collective business judgment is in the best interests of creditors of the Debtors' estates and holders of interests in the Debtors.

## C. The Proposed Sale

The Debtors propose to sell the Fund Assets listed on that schedule attached as **Exhibit 2** to the De Camara Declaration and appended to this Motion as Exhibit 2, free and clear of all liens, claims, interests, and encumbrances. These Fund Assets include the Funds' equity interests in certain portfolio companies that the Funds had not yet divested before the FG/GP Petition Date and a convertible note from Memebox in favor of the Funds.[4] While the Debtors are not seeking Court approval of specific procedures to govern the sale of the Fund Assets, including a lengthy marketing process, the Debtors believe that concurrently with the sale process, the Funds' interests in the Fund Assets will be properly communicated to the universe of potential purchasers most likely to submit a bid for the Fund Assets, including the principals of the portfolio companies of which the Funds hold equity interests and a convertible note.

### 1. Notice of Sale and Marketing

a. Concurrent with the filing of this Motion, the Debtors will have caused notice of the Auction (defined below) and Sale Hearing to be delivered to the following parties (in addition to providing notice to the principals of the portfolio companies, the Debtors will give notice of the proposed Sale and Auction (defined below) to the following third parties, whom the Debtors believe may have an interest in purchasing the Fund Assets) via email or

---

[4] NTD – Debtors to confirm which debtor is lender on convertible note.

First Class U.S. Mail: (i) contacts of Sherwood Partners, Inc.'s ("Sherwood"), the financial advisory and consulting firm of which the Debtors' Chief Restructuring Officer, Andrew De Camara is a Managing Director; and (ii) each limited partner of the Funds. Sherwood's client database includes several hundred industry contacts that routinely participate in, and purchase assets at, bankruptcy auctions. The Debtors believe that these parties are third parties who may have an interest in purchasing the Fund Assets.

The notice given of the Auction and Sale Hearing will include the date and time of the proposed Auction, a list of the Fund Assets, contact information for the Debtors' bankruptcy counsel, Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), along with instructions to submit written notice of any party's intent to participate in the Auction, together with information, satisfactory to the Debtors and Yesco, to demonstrate that party's financial wherewithal and ability to consummate a purchase of at least $25,000. If the Debtors receive notices of intent to participate in the Auction, they will coordinate with such interested parties the amount of the initial bid for the Fund Assets at Auction, which amount shall be announced at the time of the Auction and established as the "Initial Bid."

**2. Proposed Terms of Overbid**

The proposed Sale of the Fund Assets is subject to the following overbid terms:

a. Each person or entity who wishes to bid or overbid on the Fund Assets must contact the Debtors' bankruptcy counsel, Ori Katz, Esq. at Sheppard, Mullin, Richter & Hampton LLP, at okatz@sheppardmullin.com, and provide (1) written notice of such party's intent to participate in the Auction, and (2) information, satisfactory to the Debtors and Yesco, to demonstrate that party's financial wherewithal and ability to consummate a purchase of the Fund Assets for at least $25,000.

b. The potential bidders' written notice and information must be received by no later than 12:00 p.m. Pacific Prevailing Time at least two business days before the Auction and Sale Hearing, along with a written statement of agreement to buy the Fund Assets on certain terms to be negotiated and discussed prior to the Auction, but in any event terms

equal to or better than the terms described in this Motion, and an email address at which the overbidder wishes to be contacted if an auction occurs.

   c. The proof of financial condition and written statement of agreement shall be delivered in care of Mr. Katz at Sheppard Mullin, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111 or emailed to Mr. Katz at okatz@sheppardmullin.com.  Potential overbidders wanting more information about the Fund Assets or the proposed Auction should contact Jeannie Kim directly at jekim@sheppardmullin.com or 415-774-3114.

   d. The Debtors request that immediately prior to the Sale Hearing to be held on February 15, 2024, via ZoomGov or in person at 10:00 a.m., prevailing Pacific Time, the Court conduct an auction sale, in person or virtually, via ZoomGov (the "Auction").  The bidder(s) for the Fund Assets, if any, will be notified of the time and format of the auction, if any occurs.

   e. Any bidder must appear at the Auction and with proof of sufficient funds to pay the full amount of the winning bid within 48 hours of entry of any order approving the Sale.  As noted above, sale of the Fund Assets is on an as-is, where is basis, without any representations or warranties from the Debtors or the Funds.

   f. The Debtors reserve the right, in their sole discretion, to (i) refuse bids that do not, in their sole opinion, conform with the initial overbid terms outlined in this Motion; and (ii) if appropriate, revise the proposed overbid procedures outlined in paragraphs (h) – (i) below.  The Debtors also, in their sole discretion, will determine the highest and/or best bid and whether a bid is equal to or better than the immediately preceding offer received by the Debtors.

   g. The Debtors will announce the Initial Bid, if any, at the outset of the Auction.

   h. The minimum overbid for the Fund Assets for the initial round of bidding must be $25,000.

   i. Any further bids must be in increments of no less than $15,000.

-6-
Case No. 22-50302 (Lead)
DEBTORS' 363 SALE MOTION

j. Upon the selection of a winning bidder, the Debtors shall immediately seek this Court's approval of the Sale to the winning bidder at the Sale Hearing.

k. Within 48 hours of entry of the Sale Order (defined below), the winning bidder shall deposit with the Debtors the full amount of the winning bid.

### D. Lien Claimants and Proposed Distribution of Sale Proceeds

In accordance with certain terms of the Settlement Agreement described above, Yesco holds a binding, valid, and perfected first-priority security interest in all of the Funds' assets, including the Fund Assets for sale. By this Motion, the Debtors also seek Court authority to distribute to Yesco the proceeds of the Sale of the Fund Assets, in partial or full satisfaction of the Yesco Security Interest, depending on the ultimate sale price. If the Debtors receive no acceptable bids for the Fund Assets, the Debtors will abandon the Fund Assets to the Debtors' management company, Formation Group Management, LLC, which is not a debtor in the Chapter 11 Cases, and Formation Group Management, LLC will acquire the assets, free and clear of liens, claims, and interests.

## III.

## RELIEF REQUESTED

The Debtors request entry of an order, in substantially the form appended as **Exhibit 1** to this Motion (the "Sale Order"), (a) to sell, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, the Fund Assets listed on **Schedule 1** attached to this Motion (which schedule is the same as that schedule appended to the De Camara Declaration as Exhibit 2); (b) directing the Buyer to pay to the Debtors, within 48 hours of entry of the Sale Order, the ultimate purchase price at Auction; (c) authorizing and directing the Debtors to distribute all of the proceeds of the Sale to Yesco; (d) waiving the stay of order imposed under Bankruptcy Rule 6004; and (e) granting related relief.

-7-  Case No. 22-50302 (Lead)
SMRH:4886-6557-9670.9  DEBTORS' 363 SALE MOTION
2722/47910-005 CURRENT/142219680v11  01/24/2024 5:27 PM

Case: 22-50302   Doc# 121   Filed: 01/25/24   Entered: 01/25/24 23:48:11   Page 11 of 18

# IV.

# LEGAL ANALYSIS

### A. The Proposed Sale Is a Sound Exercise of the Debtors' Business Judgment

Section 363 provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Courts generally hold that approval of a proposed sale of assets of a debtor under § 363 outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the trustee or debtor in possession. *See, e.g.*, *Fin. Assoc. v. Loeffler (In re Equity Funding Corp. of Am.)*, 492 F.2d 793 (9th Cir. 1974), cert. denied, 419 U.S. 964 (1974) (sale of assets approved for "cause shown"); *240 N. Brand Partners, Ltd. v. Colony GFP Partners, L.P. (In re 240 N. Brand Partners, Ltd.)*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) ("debtors who wish to utilize § 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification").

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., In re Food Barn Stores, Inc.*, 107 F.3d 558, 564–65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand."). As long as the sale appears to enhance a debtor's estate, court approval of a debtor's decision to sell should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *In re Lajijani,* 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to administer the estate, including authority to conduct public or private sales of estate property. Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference.").

Applying section 363 to the facts of this Chapter 11 Cases, the Court should approve the proposed Sale of the Fund Assets. As set forth above, the Debtors have determined that the best method of maximizing the value of the Funds' equity interests in portfolio companies that they had not yet divested as of their respective petition dates and performing the Debtors' obligations under

the heavily negotiated Settlement Agreement is through a prompt sale of the Fund Assets. The Debtors believe the Fund Assets have value, and that the market will determine the value of the Fund Assets at the Auction. The Debtors further believe that accepting the winning bid, subject to Court approval of such winning bid, as consideration for the Fund Assets is fair and reasonable as such final sale price will be tested by an open and fair auction process—the best means, under the circumstances, for ensuring that the maximum price is being paid for the Fund Assets.

**B.** **The Sale of the Fund Assets Free and Clear of Liens and Other Interests Is Authorized by Section 363(f)(2)**

Section 363(f)(2) permits the Debtors, as debtors in possession, to sell property free and clear of any interest in such property if the interest holder consents. Here, the Debtors seek to sell the Fund Assets free and clear of the Yesco Security Interest *so that the Debtors may perform their duties and obligations under the Settlement Agreement*. Yesco consents to the Sale free and clear of the Yesco Security Interest, provided that the Debtors distribute to Yesco the proceeds of the Sale, subject to Court approval, on the terms set forth in the Settlement Agreement. *See generally,* the De Camara Declaration and the 9019 Motion filed concurrently herewith.

**C.** **The Winning Bidder Should Be Afforded Protection under Section 363(m) as a Good-Faith Purchaser**

Section 363(m) protects a good-faith purchaser's interest in property purchased from the debtor's estate notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. 11 U.S.C. § 363(m). Specifically, section 363(m) states that:

> The reversal or modification on appeal of an authorization under [§ 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

This subsection "codifies Congress's strong preference for finality and efficiency" in bankruptcy proceedings. *In re Energytec, Inc*. 739 F.3d 215, 218-19 (5th Cir. 2013). The Ninth Circuit has repeatedly held that, under section 363(m), "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal."

Case: 22-50302    Doc# 121    Filed: 01/25/24    Entered: 01/25/24 23:48:11    Page 13 of 18
2722/47910-005 CURRENT/142219680v11                                                        01/24/2024 5:27 PM

*Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc).*, 163 F.3d 570, 576 (9th Cir. 1998); *In re Ewell*, 958 F.2d 276, 282 (9th Cir. 1992) ("Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal."); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988) ("Finality in bankruptcy has become the dominant rationale for our decisions . . . .").

The Debtors have not received any offer to purchase the Fund Assets prior to the date of this Motion. The Debtors anticipate that they will not have had any negotiations with the winning bidder of the Fund Assets at the Auction other than through the very Auction process they intend to conduct before this Court. Therefore, the Debtors expect that the selection of the winning bidder of the Fund Assets will be the product of a good faith and arm's length offer and acceptance, which will be tested by an opportunity for further overbids at the Auction. If the Debtors receive any offers to purchase the Fund Assets prior to the Auction, the Debtors will disclose such offers to the Court and all interested parties. The Debtors will request that the winning bidder file an appropriate declaration in support of this request once the identity of the buyer is certain. Accordingly, the Debtors request that upon the conclusion of the Auction, the Court issue a finding that the winning bidder is a good-faith purchaser entitled to the protections of section 363(m).

D. **Request for Waiver of Stay of Entry of Order**

To ensure finality of the Sale and an efficient and economic resolution of the disputes between the Debtors and Yesco, and the Chapter 11 Cases, the Debtors also request that the Court waive the stay of under imposed under Bankruptcy Rule 6004(h) and Rule 62(a) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

///
///
///
///
///
///

## V.

## **CONCLUSION**

For the reasons stated above, the Debtors request that the Court enter an order (1) authorizing the Sale of the Fund Assets, free and clear of all liens, claims, interests, and encumbrances and subject to overbid, under Bankruptcy Code sections 363(b), (f), (h), and (m), (2) authorizing the Debtors to conduct the Auction immediately before the Sale Hearing, (3) authorizing the Debtors to distribute to Yesco the proceeds of the Sale, and (4) waiving the stay of any such order the Court may enter on this Motion.

Dated: January 25, 2024  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Ori Katz*
ORI KATZ
JEANNIE KIM

Attorneys for Debtors and Debtors in Possession

**Exhibit 1**

**[Proposed Sale Order]**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>FORMATION GROUP FUND I, L.P., a Delaware limited partnership, FORMATION GROUP GP I, LLC, a Delaware limited liability company, and FORMATION GROUP (CAYMAN) FUND I, L.P., a Cayman Islands exempted limited partnership,<br><br>Debtors and<br>Debtors in Possession.[1] | Case No. 22-50302 (Lead)<br><br>(Jointly Administered with Case Nos. 22-50303 and 22-50337)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER (1) APPROVING SALE OF PROPERTY UNDER 11 U.S.C. §§ 363(b), (f), (h), AND (m); RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND RULE 6004-1 OF THE BANKRUPTCY LOCAL RULES; AND (2) AUTHORIZING DEBTORS TO DISTRIBUTE SALE PROCEEDS TO YESCO**<br><br>Date: February 15, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 11<br>280 S. 1st St. 3rd Floor<br>San Jose, CA 95113<br>- or -<br>Via ZoomGov<br><br>Judge: Hon. M. Elaine Hammond |

**Potentially Affected Lienholder:** Yesco Holdings Co., Ltd., f/k/a Yesco Co. Ltd.

On February 15, 2024, the Court conducted an auction and held a hearing on the *Debtors' Motion for Order (1) Approving Sale of Property Under 11 U.S.C. §§ 363(b), (f), (h), and (m); Rule 6004 of the Federal Rules of Bankruptcy Procedure; and Rule 6004-1 of the Bankruptcy Local Rules; and (2) Authorizing Debtors to Distribute Sale Proceeds to Yesco* filed on January

---

[1] The last four digits of Formation Group Fund I, L.P.'s tax identification number are 6810, and the last four digits of Formation Group I, LLC's tax identification number are 6463; and the last four digits of Formation Group (Cayman) Fund I, L.P. are 6450. The Debtors' principal place of business and service address in these chapter 11 cases is 451 University Avenue, Palo Alto, CA 94103.

Case No. 22-50302 (Lead)
SMRH:4886-6557-9670.9
2722/47910-005 CURRENT/142219680v11
Debtors' 363 Sale Motion - Ex. 1
01/24/2024 5:27 PM

Case: 22-50302    Doc# 121    Filed: 01/25/24    Entered: 01/25/24 23:48:11    Page 16 of 18

[●], 2024, as ECF No. [●] (the "Motion").[2]  The Court having read and considered the Motion, and finding that notice given of the Motion was adequate under the circumstances, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. The Debtors are authorized to sell the Fund Assets (listed on the schedule attached to this Order as **Schedule 1**) to [●], the winning bidder at the Auction (the "Buyer") for the sum of $[●] pursuant to the terms of the Purchase and Sale Agreement attached hereto as **Exhibit 1**.

3. The Buyer is purchasing the Fund Assets "as is, where is," without representations or warranties of any kind.

4. Under Bankruptcy Code section 363(f)(2), sale of the Fund Assets is free and clear of the following liens and interests: Yesco Holdings Co., Ltd. ("Yesco").

5. The Buyer is a good faith purchaser pursuant to Bankruptcy Code section 363(m).

6. The Buyer is directed to pay to the Debtors the full amount of the purchase price (i.e., the winning bid at the Auction) within 48 hours of entry of this Order.

7. Without the need for further Court approval, the Debtors are authorized to take those steps and execute those documents she deems necessary in order to effectuate the terms of this Order.

8. If the Debtors receive no acceptable bids for any of the Fund Assets, the Debtors are authorized to abandon the Fund Assets to the Debtors' management company, Formation Group Management, LLC, which will acquire the Fund Assets free and clear of liens, claims, and interests.

9. This Order is effective upon entry, and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply.

**END OF [PROPOSED] ORDER**

---

[2] Capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Motion.

# Schedule 1

## Assets and Interests of the Funds for Sale

| Name of Portfolio Company | Stock Class | Formation Group Fund I, L.P. | Estimated ownership % | Formation Group (Cayman) Fund I, L.P. | Estimated ownership % |
|---|---|---|---|---|---|
| Memebox Corporation | Series C Preferred Stock | 11,272,072 | 5.70% | 5,871,764 | 2.97% |
|  | Convertible Promissory Notes | $657,486 |  | $342,514 |  |
| YelloMobile, Inc. | Common Stock | 25,018 | 0.50% | 13,032 | 0.26% |
| Bluelight SPV, L.P. | Partnership Interest |  | 5.498% |  | 2.863% |

**Number of Outstanding Shares as of the Dates Below**

| | |
|---|---|
| Memebox (12/31/2021) | 197,624,260 |
| YelloMobile (9/30/2019) | 5,011,124 |